**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**LIZA BEGAY,**

**Plaintiff,**

**v.** **Civil Action No.:**
**5:16-cv-00338-RH-GRJ**

**LBAM INVESTOR GROUP, LLC,**

**Defendant.**
______________________________/

**DEFENDANT LBAM INVESTOR GROUP, LLC'S ANSWER AND AFFRIMATIVE DEFENSES**

Defendant, LBAM INVESTOR GROUP, LLC ("LBAM"), responds to the material allegations of the Complaint of Plaintiff, LIZA BEGAY ("Plaintiff"), as follows:

**NATURE OF THE ACTION**

1. LBAM acknowledges that Plaintiff brings this action under the statutes cited in paragraph 1 of Plaintiff's Complaint. LBAM denies that it is liable to Plaintiff under any statute cited or any cause of action.

2. LBAM concedes that jurisdiction is proper in this Court pursuant to the Notice of Removal previously filed. Except as expressly admitted, LBAM denies the material allegations of paragraph 2 of Plaintiff's Complaint.

## THE PARTIES

3. Upon information and belief, admitted that Plaintiff is a resident of the State of Florida, is Native American/Hispanic, and is female. Except as expressly admitted, LBAM denies the material allegations of paragraph 3 of Plaintiff's Complaint.

4. Admitted.

## CONDITIONS PRECEDENT

5. Admitted that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC and that Plaintiff received a right to sue letter. Except as expressly admitted, LBAM denies the material allegations of paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF THE ULTIMATE FACTS

6. Admitted that Plaintiff began her employment with LBAM on or around July 14, 2014 and held the position of Front Desk Clerk. Except as expressly admitted, LBAM denies the material allegations of paragraph 6 of Plaintiff's Complaint.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. LBAM acknowledges that Plaintiff has retained counsel, but denies that Plaintiff is entitled to recover any fees related to such representation. Except as expressly admitted, LBAM denies the material allegations of paragraph 13 of Plaintiff's Complaint.

**COUNT I**
**GENDER DISCRIMINATION**

14. LBAM re-alleges and incorporates by reference its responses to the material allegations of paragraphs 1-13 as if set forth fully herein.

15. LBAM acknowledges that Plaintiff brings this action alleging gender discrimination, but denies that it is liable to Plaintiff for gender discrimination.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

In response to the unnumbered paragraph immediately following paragraph 20 and beginning "The discrimination complained of[,]" denied.

21. Denied.

22. Denied.

## COUNT II
## RACE DISCRIMINATION

23. LBAM re-alleges and incorporates by reference its responses to the material allegations of paragraphs 1-13 as if set forth fully herein.

24. LBAM acknowledges that Plaintiff brings this action alleging race discrimination under the statutes cited in paragraph 24, but denies that it is liable to Plaintiff for race discrimination under any of the statutes cited or any other potentially applicable law.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT III
## RETALIATION

33. LBAM re-alleges and incorporates by reference its responses to the material allegations of paragraphs 1-13 as if set forth fully herein.

34. Admitted that LBAM is an "employer" under the laws through which Plaintiff maintains her claims.

35. LBAM acknowledges that Plaintiff brings this action alleging retaliation under the statutes cited in paragraph 35, but denies that it is liable to Plaintiff for retaliation under any of the statutes cited or any other potentially applicable law.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph immediately following the "PRAYER FOR RELIEF" heading, LBAM denies that Plaintiff is entitled to any relief requested or any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

LBAM acknowledges Plaintiff's demand for a jury trial on all triable issues.

## DEFENSES

1. Except as specifically admitted herein, LBAM denies each and every allegation of the Complaint and demands strict proof thereof, denies that it is liable to Plaintiff in any respect, and denies that Plaintiff is entitled to any of the relief requested in the Complaint.

2. Plaintiff's claims are barred to the extent that they were not filed within the applicable statute of limitations or administrative filing periods.

3. LBAM exercised reasonable care to prevent any discriminatory and/or retaliatory behavior in the workplace.

4. Any allegedly discriminatory and/or retaliatory actions or decisions by LBAM's agents or its employees were contrary to LBAM's good faith efforts to comply with the law.

5. To the extent that Plaintiff has failed to act reasonably to mitigate her alleged damages, if any, her claims for damages must be reduced or barred entirely.

6. Some or all of Plaintiff's claims are barred to the extent that the claims of Plaintiff's Complaint exceed the scope of her underlying charge of discrimination.

7. LBAM did not authorize, condone or ratify any allegedly discriminatory or retaliatory conduct or statements.

8. LBAM exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior in the workplace, including, but not limited to, having a well-established policy on equal employment and harassment, having a well-established open door/grievance procedure, and providing complainants with several avenues of redress. Plaintiff unreasonably failed to take advantage of the preventative and corrective measures provided by LBAM, including, but not limited to, by failing to timely file a complaint of alleged harassment or discriminatory treatment, failing to timely file a grievance for alleged harassment or discriminatory treatment, failing to timely notify management otherwise of any alleged harassing or discriminatory behavior.

9. All of the decisions and/or actions challenged in the Complaint were undertaken for legitimate, nondiscriminatory, nonretaliatory, nonpretextual reasons. In the alternative, some or all of the decisions and/or actions challenged as discriminatory or retaliatory in the Complaint would have been undertaken even had the Plaintiff not had the protected status alleged.

10. Plaintiff's claims for punitive damages are barred because of the acts, if any, and omissions, if any, of LBAM, which are specifically denied, fail to rise to the level required to sustain an award of punitive damages, were trivial and isolated, were not motivated by evil intent or discrimination, do not evidence a malicious, oppressive or fraudulent intent to deny Plaintiff her protected rights or

to harass or to otherwise discriminate against Plaintiff, and are not so wanton and willful as to support an award of punitive damages.

11. LBAM did not act recklessly or with indifference to the statutorily protected rights of Plaintiff. Hence, Plaintiff cannot recover punitive damages against LBAM.

12. LBAM cannot be held liable for punitive damages because the employee or employees who committed the alleged discriminatory or retaliatory behavior were not employed in a managerial capacity such that their actions may be imputed to LBAM.

13. LBAM reserves the right to amend this Answer to include additional factual and legal defenses that are uncovered during the course of this litigation.

WHEREFORE, LBAM prays that this Court enter judgment in its favor and against Plaintiff and that Plaintiff be assessed with the costs and attorney's fees associated with this case and such other and further relief as the Court may deem appropriate.


*/s/ Daniel E. Harrell*
**DANIEL E. HARRELL**
Florida Bar Number: 105222
dharrell@cphlaw.com
**CLARK PARTINGTON**
P.O. Box 13010
Pensacola, FL 32591-3010
Phone: (850) 434-9200
Fax: (850) 432-7340

Attorneys for Defendant
LBAM INVESTOR GROUP, LLC


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished electronically via the CM/ECF Filing System of the United States District Court for the Northern District of Florida to the following on this 23rd day of December, 2016.

| | |
|---|---|
| Marie A. Mattox, Esq.<br>Marie A. Mattox, P.A.<br>310 East Bradford Road<br>Tallahassee, FL 32303<br>marie@mattoxlaw.com | |

*/s/ Daniel E. Harrell*
DANIEL E. HARRELL